M.D. Appeal Dkt.
52   2015
M.D. Appeal Dkt.
53   2015

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

PENNSYLVANIA PUBLIC UTILITY : No. 7 MAL 2015
COMMISSION :
:
:
: Petition for Allowance of Appeal from the
v. : Order of the Commonwealth Court
:
:
ANDREW SEDER/THE TIMES LEADER :
:
WNEP-TV, CHANNEL 16; TIMES :
SHAMROCK; TIMES NEWS, LLC; THE :
ASSOCIATED PRESS; READING :
EAGLE COMPANY; PPL ELECTRIC :
UTILITIES CORPORATION; POCONO :
MOUNTAIN MEDIA GROUP; :
PHILADELPHIA MEDIA NETWORK, LLC, :
PA MEDIA GROUP; LANCASTER :
NEWSPAPER, INC.; CALKINS MEDIA :
INC.; ANDREW SEDER/THE TIMES :
LEADER; :
:
Intervenors :
:
:
:
:
:
PETITION OF: ANDREW SEDER/THE :
TIMES LEADER; ASSOCIATED PRESS; :
CALKINS MEDIA INC.; LANCASTER :
NEWSPAPER INC.; PA MEDIA GROUP; :
PHILADELPHIA MEDIA NETWORK, LLC; :
POCONO MOUNTAINS MEDIA GROUP; :
READING EAGLE COMPANY; AND :
TIMES NEWS, LLC :

PENNSYLVANIA PUBLIC UTILITY : No. 8 MAL 2015
COMMISSION :
:
:
: Petition for Allowance of Appeal from the
v. : Order of the Commonwealth Court
:
:
:

SCOTT KRAUS/THE MORNING CALL    :
    :
WNEP-TV, CHANNEL 16; TIMES    :
SHAMROCK; TIMES NEWS, LLC; THE    :
ASSOCIATED PRESS; READING    :
EAGLE COMPANY; PPL ELECTRIC    :
UTILITIES CORPORATION; POCONO    :
MOUNTAIN MEDIA GROUP;    :
PHILADELPHIA MEDIA NETWORK, LLC, :
PA MEDIA GROUP; LANCASTER    :
NEWSPAPER, INC.; CALKINS MEDIA    :
INC.; ANDREW SEDER/THE TIMES    :
LEADER;    :
    :
        Intervenors    :
    :
    :
    :
    :
    :
    :
PETITION OF: SCOTT KRAUS/THE    :
MORNING CALL; ASSOCIATED PRESS; :
CALKINS MEDIA INC.; LANCASTER    :
NEWSPAPER INC.; PA MEDIA GROUP;  :
PHILADELPHIA MEDIA NETWORK, LLC; :
POCONO MOUNTAINS MEDIA GROUP;  :
READING EAGLE COMPANY; AND    :
TIMES NEWS, LLC

## ORDER

**PER CURIAM**

      **AND NOW**, this 17th day of June, 2015, the Petition for Allowance of Appeal is

**GRANTED**.  The issues, as stated by Petitioner, are:

    (1)    Is a substantial issue of first impression presented here requiring review by the Supreme Court regarding the scope of a public records access statute other than the Right to Know Law, 66 Pa. C.S.A. §335(d) of the Public Utility Code, when that statute was incorrectly narrowly construed by the Commonwealth Court and then subjected to inapplicable Right to Know Law exemption analysis resulting in a denial of access to public records?

(2)     Does the decision of the panel of the Commonwealth Court conflict directly with a prior <u>en</u> <u>banc</u> decision of the Commonwealth Court regarding the public nature of and public access to government records under other state laws like §335(d) of the Public Utility Code?

(3)     Should review be granted here on the issue of substantial public importance presented as the Commonwealth Court's holding below will have a significant detrimental impact on public access to documents involved in the investigations of the Public Utility Commission and resulting settlements with offending utilities to which the legislature sought to provide broad access by enacting §335(d)?